IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SOLOMON ROBERTS,

    Plaintiff,

vs.                                                4:04CV452-MMP/AK

JAMES V. CROSBY, et al,

    Defendants .

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging violation of his First Amendment rights by James Crosby, Secretary of DOC, and Defendants Frank Ontko and Bridgett Pelletier at Wakulla Correctional Institution. (Doc. 11). He was ordered to amend his original complaint to be more specific about what legal actions were thwarted by Defendants' actions and to reconsider asserting claims against James Crosby because his claims appeared to be based on Crosby's supervisory authority only. (Doc. 10). Plaintiff filed a new complaint (doc. 11), but has still failed to state a claim for relief.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

As to Defendant Crosby, Plaintiff sues him because he is "chief policymaker" for DOC, but has not alleged any policy which he contends caused the violations of which he complains.  He complains that Crosby is liable because he should have known that his employees were violating Plaintiff's rights, but this is again based on Crosby's supervisory authority as Secretary of the Florida Department of Corrections, and this is not grounds for relief.  See Polk County v. Dodson, 454

U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Thus, claims against Defendant Crosby should be dismissed.

Further, Plaintiff has yet to show what pending state court action was delayed, hindered or otherwise affected by the actions he alleges Defendants Ontko and Pelletier took against him.  He states that Ontko refused him entry to the law library one time because he was not on the "call out" sheet and refused to make copies of a bar complaint he wanted to file against an attorney involved in his post-conviction litigation.  However, the First Amendment right to access is limited to challenges to the length or conditions of confinement, not bar complaints.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  See also Johnson v. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969) (in context of habeas petitions); Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (extending right to civil rights suits).  Although Plaintiff discusses in detail what the post conviction motions were about, he does not allege any injury resulting from anything either defendant did with regard to this action.  His claims against Defendant Pelletier concern her alleged refusal to provide him pen and paper and entry into the law library because he did not have a deadline.  Plaintiff has not explained how either incident caused him to default on a deadline for the pending state court action.  Without some injury, he has no claim under the First Amendment.  See Lewis, supra.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc.11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** at Gainesville, Florida, this __**16th**__ Day of May, 2005.

          s/ A. KORNBLUM
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**